IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Case No. 10-cv-01486-WJM

In re: TIMOTHY GEMELLI and
KIMBERLY GEMELLI,

Debtors.

TIMOTHY GEMELLI and
KIMBERLY GEMELLI,

Appellants,

v.

SALLY ZEMAN, Chapter 13 Trustee,

Appellee.

**ORDER DENYING MOTION TO ALTER OR AMEND AND TO
RECONSIDER THE JUNE 8, 2011 JUDGMENT**

On June 8, 2011, the Court affirmed the Bankruptcy Court's denial of Appellant/Debtors' Timothy and Kimberly Gemelli's ("Debtors") Chapter 13 Plan. (ECF No. 32.) Judgment in favor of Appellee was entered on June 10, 2011. (ECF No. 33.) Before the Court is Debtors' Motion to Alter or Amend and to Reconsider the June 8, 2011 Judgment ("Motion"). (ECF No. 34.) The Motion asks the Court to correct certain typographical errors and also to reconsider the merits of its Order affirming the Bankruptcy Court's ruling. For the reasons set forth below, the Motion is granted in part and denied in part.

A.    **Dates in Order**

Debtors move the Court to amend its June 8, 2011 Order to correctly identify a number of dates. (ECF No. 34 ¶ 4.) The Court has reviewed the docket in this case and agrees with Debtors that a number of the events listed in the Order as occurring in 2011 actually took place in 2010.

Pursuant to Federal Rule of Civil Procedure 60(a), the Court may correct a clerical mistake whenever one is found in a judgment, order, or other part of the record. Accordingly, the Debtors' Motion is GRANTED to the extent it ask the Court to amend the June 8, 2011 Order to correctly identify the dates of certain events in this case. The first paragraph on page 5 of the June 8, 2011 Order is AMENDED as follows (the dates in bold are amended):

> On June 23, **2010**, Debtors filed their Notice of Appeal and Election to have the case heard by the District Court. (Rec. 145 & 146.) The Debtors' Opening Brief was filed on September 14, **2010**. (ECF No. 12.) The Trustee's Opposition Brief was filed on November 9, **2010**. (ECF No. 19.) The Debtors' Reply Brief was filed on January 10, 2011. (ECF No. 26.) The Court held oral argument on June 7, 2011 and the appeal was taken under advisement.

(ECF No. 32 at 5.)

B.    **Reconsideration of Merits of Appeal**

Debtors also ask the Court to reconsider the merits of its decision to affirm the Bankruptcy Court's denial of their Chapter 13 Plan. (ECF No. 34 ¶¶ 8-11.)

In this circuit, grounds warranting a motion to reconsider include: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. *Servants of the*

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *National Business Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F.Supp.2d 1250, 1256 (D. Colo. 2000) (internal citations and quotation marks omitted).

The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed. *Does*, 204 F.3d at 1012. Absent extraordinary circumstances, arguments that could have been raised in the original briefing on the dispute in question may not be made in a motion for reconsideration. *Id.* Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

In their Motion, Debtors do not claim there has been any intervening change in the controlling law, nor do they come forward with any new evidence previously unavailable at the time they filed this appeal. Debtors simply rehash arguments that were already raised in the appellate briefs and addressed by the Court in its June 8, 2011 Order. Debtors seem to ignore the fact that this Court is sitting as an appellate body in this case and reviews the Bankruptcy Court's factual findings only to determine if they were clearly erroneous. *See Matter of Metz*, 820 F.2d 1495, 1497 (9th Cir. 1987) (bankruptcy court's finding with respect to whether plan is proposed in good faith if reviewed for clear error). Whether the Court would have arrived at the same conclusion if it had been the fact-finder is irrelevant. *United States v. Miles*, 449 F.2d 1272, 1274

(10th Cir. 1971) (reviewing court may not disturb factual findings unless they are clearly erroneous, presence of conflicting evidence does not mean that factual finding is clearly erroneous).

As stated in the June 8, 2011 Order, there was adequate support in the record for the Bankruptcy Court's finding on good faith.  Accordingly, Debtors' Motion is denied to the extent that it seeks reconsideration of the merits of the June 8, 2011 Order.

**C.    Conclusion**

For the reasons set forth above, the Motion is GRANTED in part and DENIED in part.  The Court's June 8, 2011 Order is AMENDED as set forth above.  Debtors' request for reconsideration of the merits of the June 8, 2011 Order is DENIED.

Dated this 29th day of December, 2011.

BY THE COURT:

William J. Martinez
United States District Judge